## John P. Webber vs. The Eastern Railroad Company.

A witness, who had been for ten years secretary of an insurance company, and as such had been in the practice of examining buildings, with reference to insurance thereof, and who had also, as county commissioner, frequently estimated damages caused to estates by the laying out of highways and railroads, was held to have been rightly permitted, on a hearing before a jury empannelled to appraise damages sustained by a party by the laying out of a railroad over his land and near to his buildings, to give his opinion that the passage of locomotive engines, within one hundred feet of a building, would diminish the rent and increase the rate of insurance thereof against fire : *Held* also, that he was rightly permitted to testify that the directors of the insurance company, of which he was secretary, upon his consulting them as to an application for insurance on a building in the vicinity of the buildings of the party then before the jury, had declined to take the risk at any rate.

An estimate, not on oath, of damages that would be sustained by a party over whose land a railroad was afterwards laid out, made by a committee of a town, while a petition of the town for a change of the route of the railroad was before the legislature, and merely stating those damages as the least the party would take, is not admissible in evidence to a jury empannelled to appraise damages caused by laying out the railroad over the land, although such estimate was made at the request of an agent of the railroad company.

Where the sheriff instructed a jury, empannelled to appraise damages caused by the laying out of a railroad over a party's land, that by the legal construction of his title deed, which bounded his land on a way, he owned the land to the centre of the way, and was therefore entitled to damages for the value of the land over which the way passed ; it was held that the instruction was so general and abstract, that no opinion could be expressed, as to its correctness, without much qualification.

THIS was a proceeding upon a petition for a jury to assess the damages sustained by the petitioner by the laying out of the eastern railroad over his land.   On the return of the verdict into the court of common pleas, the respondents objected to the acceptance thereof, for the reasons hereinafter mentioned.   The court, however, accepted the verdict, and ordered it to be certified, with their adjudication thereon, to the county commissioners   The respondents thereupon alleged exceptions to the ad judication :  *First*, because the sheriff, who presided at the hearing before the jury, admitted (the respondents objecting thereto) the testimony of John W. Proctor, Esq. that he had been for ten years secretary of an insurance company, and had been applied to for insurance on a house in the vicinity of the petitioner's land, over which the eastern railroad was laid, and that upon

his consulting the directors of the insurance company, they declined taking the risk at any rate ; and that in his opinion the passage of locomotive engines, within one hundred feet of a building, would increase the rate of insurance, and that the premium would be increased from one and a half to two per cent., and that the rents of buildings so situated would be reduced from one fourth to one third. Said Proctor did not profess to be an expert, but testified that he had been county commissioner six or eight years, and had estimated damages for common roads and for railroads, and, as secretary of an insurance company, had examined and estimated the value of estates in every part of the county. *Secondly*, because the sheriff admitted in evidence (the respondents objecting) an estimate, made at the request of an agent of the respondents, by a committee of the town of Beverly, (when that town petitioned the legislature to change the route of the eastern railroad,) of the damages that would be sustained by different proprietors of land, and among others by the petitioner. *Thirdly*, because the sheriff instructed the jury upon the point of the quantity of land taken, and as applicable to the title deed of the petitioner, which bounded him on a way, that the rule of law is, that a deed which so bounds a party, without any measurement of lines, carries him to the centre of the way, and that by the construction of the petitioner's deed of the land over which the railroad was laid out, he should be considered as the owner of the way upon which, by said deed his land was bounded, and that he was entitled to recover damages for the value of the land over which said way passed.

This case was argued at a former term.

*N. J. Lord*, for the respondents.

*Rantoul & Ward*, for the petitioner.

SHAW, C. J. This case comes before this court by exceptions to the decision of the court of common pleas, in accepting the verdict of a jury, allowing damages to the petitioner, occasioned by taking his land in Beverly, for the construction of the eastern railroad. The objection of the company to the verdict is founded on exceptions taken to the decision and directions of the sheriff, on the assessment of damages, which appear by a

bill of exceptions allowed by the sheriff, and returned with the verdict.

1. The respondents excepted to the testimony of John W. Proctor, called as a witness by the petitioner, on several grounds. One was, that he was called to give his opinion upon the question, whether the proximity of a railroad would be likely to increase the rate of premium of insurance against fire, when it lid not appear that his acquaintance with the subject was such, as would warrant him to give his opinion in evidence. It is true that in answer to a cross interrogatory, Mr. Proctor answered that he did not profess to be an expert. But his statement of his experience and means of knowledge, in estimating the risks against fire, from his long having been secretary of a fire insurance office, and having been charged with the duty of examining buildings, and taking into consideration all circumstances bearing upon the risk and the rate of premium, rendered him, we think, quite competent to give his opinion as evidence to the jury upon that subject.

As to what other directors said, it would not be competent evidence, had the question been asked and objected to, and al lowed by the sheriff; being merely hearsay. But if it came out unasked, as it apparently did, and no request was made to the sheriff to direct the jury to disregard it, this is no sufficient ground for a new trial. But taking the statement from the bill of exceptions, it appears to us that the testimony was to an act, rather than a declaration. If an application was made in a case similar to that of the petitioner, and was in fact rejected, on account of the increased risk, that was an act and not a declaration, and was competent evidence to show that the proximity of a railroad to a building increases the fire risk.

2. The second exception was, that the petitioner offered an estimate of damages by a committee of the town of Beverly, made at the request of the agent of the respondents, in which the damage to the petitioner's estate, with a number of others, was set down, with a view to enable them to form a just comparison of the cost of the route first proposed, and of another proposed to be substituted. This estimate, though objected to by the company, was admitted.

This paper has been submitted to us with the exceptions. It purports to be the copy of an estimate, made by a committee of Beverly, of the damages to estates on the routes above and below Essex Bridge. It purports to be signed by Josiah Lovett, and to have been presented to Mr. Chase, one of the executive committee of the railroad company. On the route above the bridge, the item relied on is as follows. "John P. Webber & son, lowest he will take $4000." The court are of opinion that this was not competent evidence, and ought not to have been admitted. It was not made in pursuance of any legal commission or authority, was not under oath, and bears no character of official authority. It is said to have been made at the request of the company ; but that does not make it evidence against them. Besides, so far as it affects the estate now in question, it does not appear to express the judgment or opinion of the committee upon the actual value of the estate, or the damages which the railroad would occasion ; but only the sum demanded by Mr. Webber, as the lowest he would take.

And we are of opinion that it was not merely irrelevant and immaterial, but was calculated to have an influence upon the minds of the jury. It does not appear upon what grounds this estimate was made. It does not purport to be an exact or just appraisement. It might be intended to induce the agents of the company or the legislature to adopt one route in preference to another, and may have been made by interested persons. In every view we have been able to take of it, it appears to us to be irrelevant and incompetent evidence, and therefore, upon this ground, that the verdict ought to be set aside, and a new trial granted.

3. It was also objected by the respondents, that the sheriff instructed the jury in reference to the quantity of land taken, and as applicable to the title deeds of the petitioner, that a deed bounding a grantee by a highway without any admeasurement of lines, carries him to the centre of the way. This direction is so general and abstract in its terms, that it is difficult to express an opinion on its correctness, without much qualification. It is undoubtedly true, that when a highway or town way is laid over

the land of an individual, the public acquire a perpetual ease-
ment over the land, for all purposes to which a right of way is
applicable, but the owner retains his fee in the soil under the
way. He may therefore convey the adjoining land without the
soil under the highway, or the soil under the highway witnout
the adjacent land, or both together. If the land under the way
passes by a deed of the adjacent land, it passes as parcel, and
not as appurtenant. It is a question of construction, therefore,
in each particular case, and depends, as in all other cases, upon
the intent of the parties, as expressed in the descriptive part of
the deed, explained and illustrated by all the other parts of the
conveyance, and by the localities and subject matter to which
it applies. In the present case, it does not appear, by the
bill of exceptions, what was the particular description in the
deed referred to, whether the way was a highway, town way
or private way ; whether the grantor owned the soil under the
highway, or how, or when, or in what mode, the way was laid
out ; all which circumstances might have more or less bearing
upon the question of construction. It does not appear whether
the way in question had been discontinued or not, before laying
out the railroad ; whether the railroad was laid over the way, so
that one species of public easement was added to another, or
superseded the other ; which might be important circumstances,
in considering the subject with a view to damages, as it was con-
sidered in the present case. We have thought it less important
to give an opinion upon this abstract question stated in the ex-
ceptions, as the verdict must be set aside on the other ground ;
because, if the way had not been discontinued, if the owner o`
the land had ever been allowed damages for taking his land for
a public easement, and the laying out of the railroad was mere-
ly superadding one public easement to another, or substituting
one public easement for another, it would practically make very
little difference in the assessment of damages. The right of the
public to the easement being perpetual, and going to such use of
the land, as supersedes the use of the owner to any beneficial
or practical purpose, unless in the extraordinary case of a mine,
or spring, or quarry under the way, the value of the dormant

fee depending upon a very remote and improbable contingency, its value is too small to have much influence in the assessment of damages. Considering it thus unimportant, and depending upon many facts and circumstances not mentioned in the bill of exceptions, and supposing it quite probable that the question will not again arise, we have not thought it expedient to express any opinion upon this point.

Verdict set aside, and the result to be certified to the county commissioners, with directions to issue a new warrant, for the assessment of the petitioner's damages.